[Crim. No. 42992. Second Dist., Div. Two. Apr. 13, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
MARVIN LEE BARNES, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Richard Lennon, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Carol W. Pollack and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROTH, P. J.**—At approximately 1:15 a.m. on May 22, 1981, Los Angeles Sheriff's Deputy Tolmaire was on patrol with Deputy Garcia. They observed a white Lincoln automobile driving on the street with its lights out. The slow moving vehicle, after twice veering into other lanes, pulled into a well-lighted gas station on the corner of Imperial and Wilmington, a location nearby two housing projects known for a high crime rate. After activating the red lights on his patrol car, Deputy Tolmaire followed the white Lincoln into the station in order to cite its operator for the no-lights condition. Appellant, the car's driver, exited the vehicle without request. A female passenger remained in its front seat. The back seat was occupied by two other males.

When Deputy Tolmaire asked appellant for his driver's license, appellant replied it was in his sock. Without permitting him to retrieve it, and out of fear for his safety based on the circumstances described, the officer conducted a pat-down search which disclosed the presence of a kitchen knife in the sock. Upon removing the knife, Deputy Tolmaire saw fall from the sock appellant's identification and a small vanilla extract bottle, from which in his opinion based on extensive experience emanated the odor of PCP. Appellant thereupon was arrested while the other male occupants of the car were removed therefrom and subjected to pat-down searches.

Thereafter, appellant pleaded guilty to a violation of Health and Safety Code section 11377, subdivision (a) (unauthorized possession of controlled substance) and was sentenced to 16 months in state prison, his earlier motion to suppress the discovered PCP as the product of an illegal search and seizure having been denied.

On the appeal he reiterates his contention the pat-down search was illegal, such that the PCP should have been excluded from evidence. We affirm.

■ In so doing we accept the rule to be that when a police officer observes a traffic violation and stops the motorist for the purpose of issuing a citation, a pat-down search for weapons as an incident to that arrest must be predicated on specific facts or circumstances giving the officer reasonable grounds to believe that a weapon is secreted on the motorist's person. (*People* v. *Superior Court* (*Simon*) (1972) 7 Cal.3d 186, 206 [101 Cal.Rptr. 837, 496 P.2d 1205]; see also *People* v. *Superior Court* (*Kiefer*) (1970) 3 Cal.3d 807, 829 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559]; *People* v. *Archuleta* (1975) 47 Cal.App.3d 555, 558 [120 Cal.Rptr. 919]; *People* v. *Bremmer* (1973) 30 Cal.App.3d 1058, 1067 [106 Cal.Rptr. 797].)

By the same token, it is yet the case that as applied to the matter before us, "The critical question remains, is this the kind of confrontation in which the officer can reasonably believe in the possibility that a weapon may be used against him?" (*People* v. *Superior Court* (*Simon*), *supra*, 7 Cal.3d 186, 204.) We think it is. As noted, the officer involved in the pat-down search met appellant in the company of two other males in the early morning hours in an area characterized by a high incidence of crime. The response to his request for the production of a driver's license was at best unusual[1] (see *People* v. *Satchell* (1978) 81 Cal.App.3d 347, 354 [146 Cal.Rptr. 307]; *People* v. *Bremmer, supra,* 30 Cal.App.3d 1058, 1067) and was in our view such as to inspire a reasonable belief resort to the claimed location of the document might well produce instead a weapon. To obviate that possibility, Deputy Tolmaire conducted a "quick, cursory pat-down" (See *People* v. *Satchell, supra,* 81 Cal.App.3d 347, 354), a procedure which based on the reasons articulated by him for undertaking it was justified. (See *People* v. *Allen* (1975) 50 Cal.App.3d 896, 901-902 [123 Cal.Rptr. 80].)

---

[1] Appellant's trial counsel, on the motion to suppress, thought otherwise.

"THE COURT: The logical presumption is somebody has to remove the driver's license from his sock, wouldn't you agree?

"MR. LAPIDUS: That's correct.

"THE COURT: Is it your position that the Deputy under these circumstances, should allow this man to reach down into his sock?

"MR. LAPIDUS: Absolutely. What is so unusual, your Honor, about carrying a driver's license in your sock? . . ."

The judgment is affirmed.

Compton, J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 29, 1983. Bird, C.J., was of the opinion that the petition should be granted.